**SIGNED.**

Dated: May 05, 2005



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| ROBERTO ESTRADA, | ) | CASE NO. 2-04-20986-RJH |
| | ) | |
| Debtor. | ) | MEMORANDUM DECISION OVERRULING |
| | ) | TRUSTEE'S OBJECTION TO HOMESTEAD |
| _____ | ) | EXEMPTION |

    The Trustee has objected to the Debtor's claim of exemption for a triplex in which the Debtor occupies only one of the three units. The Trustee seeks to limit the Debtor's exemption to the unit he occupies and, if successful, would sell the entire building and divide the proceeds with the Debtor based upon square footage, as was done in *In re Tsoupas*, 250 B.R. 466 (Bankr. D. N.H. 2000).

    The Trustee's objection in effect assumes that the Arizona homestead is limited to the Debtor's dwelling. In fact, however, A.R.S. § 33-1101(a)(1) defines the homestead as the debtor's "interest in real property in one compact body upon which exists a dwelling house in which the person resides." Thus while the land must contain a dwelling house, the exemption is in the land, not in the dwelling house.

    In addition to requiring the dwelling house in which the debtor resides, the statute imposes only two additional requirements on the nature of the land holding that may qualify for the homestead: (1) the land must be "in one compact body," and (2) the debtor's interest in the land may not exceed $150,000 in value. An issue may arise as to whether the land is "in one compact body" when it consists of more than one subdivided lot, as this Court addressed in *In re Allman*, 286 B.R. 402 (Bankr. D. Ariz. 2002). There is no such dispute here,

1 however, where the land consists of a single subdivided lot and a single building. On these
2 facts, the Trustee cannot really argue that the land is not "in one compact body," and does not
3 advance any argument to that effect.

4 Because the land is in one compact body and the Debtor's interest does not
5 exceed the current homestead amount of $150,000, there is no basis in the statute to deny the
6 Debtor's claim of exemption as to the entire building. There is no statutory requirement that the
7 Debtor live in all of the property claimed as a homestead, nor is there any prohibition against the
8 Debtor earning an income from some portion of the homestead property.

9 Instead of analyzing or even citing this Court's analysis in *Allman, supra*, the
10 Trustee relies on cases decided in New Hampshire[1] and Florida.[2] Those cases are
11 distinguishable, however. The Florida homestead provision at issue in *Wierschem* specifically
12 provides that a homestead in a municipality "shall be limited to the residence of the owner or his
13 family." 152 B.R. at 347. Not only does Arizona statute lack any such limitation to "the
14 residence", but it expressly provides that the homestead consists of the entire compact body of
15 real property on which the dwelling house exists. Similarly, although New Hampshire lacks a
16 statutory definition of its homestead, earlier decisions had limited the homestead to "the family
17 'house' or 'home' as commonly understood," which therefore excluded portions of adjacent
18 property that could not be considered part of the house or home or "necessary to the convenient
19 enjoyment of the house."[3] Again, Arizona's homestead definition is not so limited to the
20 dwelling house, but rather extends to all of the compact body of real property on which the
21 dwelling house exists.

22 For these reasons, the Trustee's objection to the Debtor's claim of homestead are
23 overruled.

---

[1] *In re Tsoupas*, 250 B.R. 466 (Bankr. D. N.H. 2000).

[2] *In re Wierschem*, 152 B.R. 345 (Bankr. M.D. Fla. 1993); *In re Aliotta*, 68 B.R. 281 (Bankr. M.D. Fla. 1986).

[3] *In re Mirulla*, 163 B.R. 910, 911 (Bankr. D. N.H. 1994), citing *Libbey v. Davis*, 68 N.H. 355, 34a 744 (1895) and *Hoitt v. Webb*, 36 N.H. 158 (1858).

1 At oral argument, the parties also addressed the rents arising from the rental
2 units. The Court declines to address that issue because it is not presently before the Court. It
3 does not appear that the Debtor claimed an exemption as to the rental income, and the Trustee
4 did not object to any such claimed exemption.
5                DATED AND SIGNED ABOVE



7 Copy of the foregoing faxed
this 5th day of May, 2005, to:

Robert D. Beucler, Esq.
9 Phillips & Associates
3030 North Third Street, Suite 1100
10 Phoenix, AZ 85012
Attorneys for Debtor
11 Fax: (602) 264-7892

12 Adam B. Nach, Esq.
Lane & Nach
13 2025 North Third Street, Suite 157
Phoenix, AZ 85004
14 Attorneys for S. William Manera, Trustee
Fax: (602) 258-6003

16   /s/ Pat Denk
Judicial Assistant